**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

In re:

PATRICIA A. PRIMES, Debtor

Case No. 13-83310

**DEBTOR'S RESPONSE TO ALPINE BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW the Debtor, Patricia Primes, and for her response to the Motion for Relief from the Automatic Stay filed by Alpine Bank & Trust Co., (hereinafter referred to as the "Bank") states as follows:

1. The Debtor disputes the assertion of Alpine Bank that the Quit Claim Deed signed by Patricia Primes transferred absolute ownership of her home to the Bank, and divested her of any interest in the real estate. Rather, the Debtor asserts that the Quit Claim Deed, as evidenced by the Forbearance Agreement signed by the parties, was an "equitable mortgage" given to the Bank as additional security, for the purpose of "enhancing" the mortgage already held by the Bank on her property.

2. 765 ILCS 905/5 provides:

> "Every deed conveying real estate, which shall appear to have been intended only as security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage."

3. The definition of the term "Mortgage" contained in the Illinois Mortgage Foreclosure Law states:

> "Mortgage. "Mortgage" means any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation. The term "mortgage" includes, without limitation:
>
> * * * *

        c. every deed conveying real estate, although an absolute conveyance in its terms, which shall have been intended only as a security in the nature of a mortgage;" 735 ILCS 5/15-1207.

4. Illinois courts look to the substance, rather than the form of a transaction to discern whether a deed was an absolute conveyance or, in reality, an equitable mortgage. <u>Havana National Bank v. Wiemer</u>, 32 Ill.App.3d 578, 583, 335 N.E.2d 506, 509 (3rd Dist. 1975).

5. In determining whether a deed is an absolute conveyance or an equitable mortgage, the Illinois Supreme Court has stated:

> "If there is an indebtedness or a liability between the parties, either a debt existing prior to the conveyance or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment for this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used and whatever stipulations they may have inserted in the instrument. (3 Pomeroy's Eq.Jur. 3d ed. sec. 1195.)"

<u>Warner v. Gosnell</u>, 8 Ill.2d 24, 132 N.E.2d 526, 529 (1956); <u>Havana National Bank v. Wiemer</u>, 32 Ill.App.3d 578, 585, 335 N.E.2d 506, 511 (3rd Dist. 1975).

6. Illinois courts hold that the character of a disputed deed should be considered determined as of the time the deed is delivered by the grantor, with the focus on the intention of the parties at the time the deed was executed. <u>Warner v. Gosnell</u>, 8 Ill.2d 24, 132 N.E.2d 526, 529 (1956); <u>Schwartzentruber v. Stephens</u>, 8 Ill.2d 222, 228, 133 N.E.2d 33 (1956).

6. In <u>Gandy v. Kimbrough</u>, 406 Ill.App.3d 867, 876, 941 N.E.2d 329, 336, 346 Ill.Dec 771 (1st Dist. 2010), the court held that the continued occupancy of the property

by the party signing the deed, and that party's "continued exercise of ownership privileges and responsibilities" after delivery of the deed was evidence that the deed was intended as an equitable mortgage.  See also McGill v. Biggs, 105 Ill.App.3d 706, 710, 434 N.E.2d 772, 775, 61 Ill.Dec. 417, 420 (3rd Dist. 1982); Totten v. Totten, 294 Ill. 70, 80, 128 N.E. 295, 299 (1920).  Patricia Primes has continued to occupy the real estate for over 2 years since she delivered the Quit Claim Deed to the Bank, on July 13, 2011, while continuing to make payments to the Bank.

7.  In the case at hand, although Patricia Primes executed and delivered a Quit Claim Deed to the Bank on July 13, 2011, the Forbearance Agreement between the parties (which is attached to the Bank's Motion) made it clear that:

A. her debt to the Bank continued, and was not discharged by the conveyance;

B. that payments were to be made at specific intervals,

C. that she would continue to own and live in her property while she made payments, and

D. that the Quit Claim Deed was a mechanism intended by the Bank to assist it in liquidating its collateral (by avoiding Illinois' statutory foreclosure process) in the event of her default in payments.

6.  The Debtor has resumed making her normal monthly post-petition mortgage payments to the Bank (for October, November, and December of 2013), and the Bank has continued accepting her monthly mortgage payments.

## CONCLUSION

The Quit Claim Deed given to the Bank by Patricia Primes on July 13, 2011 should be treated as an equitable mortgage which must be foreclosed under Illinois' Mortgage Foreclosure Law, because it was intended solely as an enhancement to the

Bank's existing mortgage against her property.  She continued making payments to the Bank on the mortgage loan which continued beyond the delivery of her deed, and has always continued to live in the property.

The Debtor respectfully urges the court to deny the Bank Motion, and rule that the Quit Claim Deed delivered to the Bank by the Debtor on July 13, 2011 is an equitable mortgage which would have to be foreclosed under the Illinois Mortgage Foreclosure Law.


December 5, 2013                                /s/ David L. Davitt
                                                DAVID L. DAVITT, Attorney for Debtor

David L. Davitt
Schlueter Ecklund
4023 Charles Street
Rockford, Illinois 61108
(815) 229-5333

## Proof of Service

The undersigned hereby certifies that the foregoing Notice of Hearing was served upon all parties on December 5, 2013, by electronic transmission though the court's electronic filing system.

/s/ David L. Davitt