UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 13 |
| | ) | |
| PATRICIA A. PRIMES, | ) | Case No. 13-83310 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

### MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF AND REPLY TO DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY

NOW COMES the Movant, ALPINE BANK & TRUST CO., ("Alpine") by and through its attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP, and in Support of its Motion for Relief from Automatic Stay and Reply to Debtor's Response to Motion for Relief from Automatic Stay states as follows:

### UNDISPUTED FACTS

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 25, 2013. Alpine filed this Motion for Relief from the Automatic Stay on November 7, 2013. The Motion for Relief outlines the prior history between these two parties. The Debtor filed a response on December 5, 2013 and in her response she does not refute nor rebut the history between the parties. She does not dispute that she signed a Forbearance Agreement with Alpine on July 13, 2011 and that she executed a Quit Claim Deed to Alpine as a part of the Forbearance Agreement (all documents referenced are attached to the Motion for Relief from Stay). The Debtor does not dispute that she was a party to a prior Chapter 13 and that these documents were executed during the course of that proceeding after granting Alpine relief from the stay and after a foreclosure case was already filed. The Debtor, lastly, does not dispute that she was in default under the terms of the Forbearance Agreement and that the deed was recorded in accordance with the terms of the Forbearance Agreement.

The terms of the Forbearance Agreement, which is not disputed by the Debtor, outline that the loan matures in July 2016 at which time the balance is due in full. The Debtor's

proposed Chapter 13 Plan does not propose to pay Alpine the full balance of its claim even though the loan matures during the course of the Chapter 13 Proceeding. In addition to the numerous grounds for relief outlined in the Motion, assuming arguendo that this is a debt that can be paid in the Chapter 13, Alpine is also entitled to relief from the stay as the Debtor cannot, and has not, proposed a feasible plan that pays Alpine's obligation in full.

### ARGUMENT

The Debtor filed a response to the Motion for Relief alleging that the Forbearance Agreement and Quit Claim Deed are an "equitable mortgage" under 765 ILCS §905/5. Under this statute and the case law that applies, an equitable mortgage arises by operation of law when equity so determines because the intent of the parties is unclear from the documents or from the written agreement. This simply does not apply in this case. There are clear, written documents, fully executed by the parties with the advice of counsel that fully explain the intent or the parties. The documents are clear on their face and the doctrine of equitable mortgage cannot apply. The Forbearance Agreement clearly acknowledges that there is a mortgage (see Page 1 paragraph 2 of the Agreement) and there is, therefore, no need to apply an equitable mortgage as there is already a mortgage in place.

The Debtor has overlooked important key facts in her response. First, these parties were previously engaged in a mortgage foreclosure action, case number 2010CH551, The Belvidere National Bank n/k/a Alpine Bank v. Primes, Winnebago County, Illinois. The Forbearance Agreement, as outlined in the motion, was entered into as a direct result to resolve the foreclosure action. Under the Mortgage Foreclosure Act, Alpine has properly complied with the procedure by filing a foreclosure action. The parties agreed to settle that lawsuit by entering into the Forbearance Agreement.  The Debtor also overlooks 735 ILCS §5/15-1401 which expressly allows deeds in lieu of foreclosure as a method of terminating a mortgagor's interest in real property and settling and resolving foreclosure actions. Parties are free to execute and deliver

deeds in lieu of foreclosure and parties often execute forbearance agreements as part of these settlement negotiations.

The Debtor has also overlooked that parties are free to enter into forbearance agreements for mortgages and can waive defenses in that agreement and pledge additional security for the agreement, i.e. an executed deed to be recorded upon default. *See*, Joyce v. Fidelity Real Estate Growth Fund II, LP, 2013 IL App (1st) 121697 (this cases applies Massachusetts law but the principles and rules regarding forbearance agreements applies in Illinois) and Eastern Savings Bank, FSB v. Flores, 2012 IL App (1st) 112979. The agreement entered into between the Debtor and Alpine was done with the advice of counsel and as an effort to settle a pending foreclosure action. The Debtor agreed to give the bank a deed if certain settlement terms were not meant. This is a valid and enforceable contract.

The cases cited by the Debtor are all distinguishable. In the *Havana* case, there was a quit claim deed at issue and the Court found it was in reality an equitable mortgage because it was obtained for the purposes of enhancing security of prior loans. Havana National Bank v. Wiemer, 32 Ill.App.3d 578 (1975). In this case, however, there was not a prior mortgage in place and the deed was simply added as additional security to a note. The important factor is that with this Debtor there is already a mortgage in place, already a foreclosure proceeding, and the deed was given as part of a settlement and forbearance agreement and *not* as additional security for the loan. The additional cases cited by the Debtor, Gandy v. Kimbrough, 406 Ill.App.3d 867 (2010) and McGill v. Biggs, 105 Ill.App.3d 706 (1982) are similar to the *Havana* case and distinguishable on the same basis.

The *Warner* case cited by the Debtor is also distinguishable. Warner v. Gosnell, 8 Ill.2d 24 (1956). In that case a deed was executed with an oral agreement that the intent of executing the deed was to secure a debt with a promise to reconvey the property upon payment in full of the debt. *Id*. The principle of equitable mortgage applied in that case because the oral agreement and deed were akin to a mortgage and there was no writing in place memorializing

3

the nature of the mortgage. These factors are simply not present in this case. Here, there is a written agreement and mortgage in place and a forbearance agreement modifying those documents. The intent is clearly memorialized and the deed is not mere security for a loan; it is part of a settlement agreement where there is an acknowledged default under a note, mortgage, and foreclosure proceeding.

As outlined in the *Schwartzentruber* case cited by the Debtor, "the question whether a deed *which is absolute in form* is to be taken as a mortgage depends upon the intentions of the parties in that regard at the time of its execution. The intention may be found from the papers themselves or by aid of extraneous evidence, which, when ascertained, will govern the decision." Schwartzentruber v. Stephens, 8 Ill.2d 222, 228 (1956) (emphasis added). In this case, the written documents themselves clearly outline the parties' intentions: the forbearance agreement modifies the current note and mortgage, acknowledges a default, and is intended to be a settlement of the current default by the Debtor. There is no ambiguity in the document. The deed is not an absolute deed given without any instructions. It was a deed given as part of a forbearance agreement to settle a mortgage and note in default. Principles of equity and equitable mortgage are simply improper and do not apply.

## CONCLUSION

The Debtor is an unauthorized tenant wrongfully holding over possession of the premises. Alpine is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d) because the Debtor has no interest in this property, it is not necessary for reorganization, and the Debtor is not entitled to possession of the real estate. Alpine is in need of relief from the stay in order to remove the unauthorized Debtor from possession of the Real Estate. The Debtor's argument simply falls flat. There can be no equitable mortgage if there is already a mortgage, note and forbearance agreement in place.

WHEREFORE the Creditor, ALPINE BANK & TRUST CO, hereby requests that this Court grant its Motion for Relief from the Automatic Stay and for further and other relief this Court deems just and reasonable.

ALPINE BANK & TRUST CO., Movant

BY: _____
TIFFANY E. RODRIGUEZ,
one of its attorneys

Attorney Tiffany E. Rodriguez (6300699)
BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA, LLP
6833 Stalter Drive
Rockford, IL  61108
(815) 962-6611
trodriguez@bslbv.com